# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                    No. CR 10-0046 JB

CANDILARIO RAMIREZ-BARAJAS,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Objection to the Presentence Report and Motion to Exclude Paragraph 22 of Presentence Report, filed April 11, 2010 (Doc. 21)("Objection"). The Court held a sentencing hearing on May 18, 2010. The primary issues are: (i) whether Defendant Candilario Ramirez-Barajas was represented by counsel in his conviction for the crime set forth in paragraph 22 of the Presentence Investigation Report, disclosed March 4, 2010 ("PSR"); (ii) whether Ramirez-Barajas' conviction was constitutionally infirm because he did not voluntarily and competently waive his right to counsel for the crime in paragraph 22; (iii) whether Ramirez-Barajas can collaterally attack his conviction for the crime in paragraph 22 based on his contention that, if he had counsel, a Spanish-speaking interpreter was not provided; and (iv) whether the Court should allow Ramirez-Barajas to collaterally attack the conviction in paragraph 22 because he did not understand the proceedings in that state case. Ramirez-Barajas did not have counsel for the conviction in paragraph 22, but he appears to have competently and voluntarily waived his right to counsel. He cannot successfully attack the conviction based on his assertion that, if he spoke to an attorney, he did not have a Spanish interpreter or that he did not understand the proceedings. Accordingly, the Court overrules his objections.

## FACTUAL BACKGROUND

On May 29, 1984, Ramirez-Barajas was convicted for Assault with a Deadly Weapon, a felony, in the Justice Court, Fresno County, Coalinga, California, Case No. F-13853CR.  See PSR ¶ 22, at 6.[1]  Paragraph 22 of the PSR states that, according "to the Criminal complaint filed in this case, the defendant on or about April 22, 1984, did willfully and unlawfully commit an assault upon Manuel Gonzales with a deadly weapon, to wit: a knife."  Id. ¶ 22, at 6.  The PSR also states that attorney representation is unknown.  See id. ¶ 22, at 6.  The PSR does not give any further information regarding this conviction. The California state court sentenced Ramirez-Barajas to one year of custody with one day suspended.  See PSR ¶ 22, at 5.  United States Probation Officer Rhiannon Work asked the USPO in Fresno, California to search the archives for Ramirez-Barajas' file relating to his 1984 conviction for assault with a deadly weapon.  The USPO notified Work that the court records were purged, with the exception of two documents.  See Objection at 4 ("Additionally, according to U.S. Probation Officer Rhiannon Work, the attached criminal history documents are the only documents that exist regarding the May 29, 1984 conviction, and that the original court file was previously destroyed.");  United States' Response to Defendant's Objection to the Presentence Report and Motion to Exclude Paragraph 22 of Presentence Report Filed April 11, 2010 at 2 n.2 (Doc. 21), filed April 15, 2010 (Doc. 22)("Response")("The United States agrees

---

[1] At the hearing, the Court asked Kenneth Gleria, Ramirez-Barajas' counsel, whether Ramirez-Barajas was arguing that his conviction was not a crime of violence under U.S.S.G. § 2L1.2.  See Transcript of Hearing at 34:7-9 (taken May 18, 2010)(Court)("But you're not objecting -- you're not saying it's not a crime of violence, if that's the conviction, correct?")("Tr.")(the Court's citations to the transcript refer to the court reporter's original, unedited version; any final transcript may contain slightly different page and/or line numbers).  Mr. Gleria stated that Ramirez-Barajas was not making that argument.  See Tr. at 34:19-22 (Court, Gleria)("Court: You're not arguing that . . . assault with a deadly weapon is not a crime of violence . . . .  Gleria: [D]efinently not.").

with the defendant that most of the court documents memorializing his 1984 conviction for assault with a deadly weapon have been purged.").  These two documents are:  (i) the April 26, 1984 Criminal Complaint, which charges Ramirez-Barajas with Assault with a Deadly Weapon; and (ii) a Pre-Sentence Arraignment -- Change of Plea -- Probationary Judgment -- Sentence form ("Sentence Form") certified by the Clerk of the Court, which does not list the crime of conviction. The Sentence Form lists the same case number as the Criminal Complaint, the same charge as the Criminal Complaint, and the same judge as the Criminal Complaint.  This leads the Court to find, by a preponderance of the evidence, that, although the Sentence Form does not list the crime of conviction, the crime of conviction is Assault with a Deadly Weapon.  The Sentence Form does not state whether Ramirez-Barajas was provided a Spanish-language interpreter, or whether he was represented by counsel or validly waived his right to counsel regarding the May 29, 1984 criminal conviction.

The Sentence Form states:

_____ Court informs defendant of his constitutional rights as indicated by the court clerk's initials as follows:

_____ Trial by jury.

_____ Does not have to incriminate himself.

_____ To face and cross-examine accusors.

_____ Consequences of plea, e.g., maximum-minimum fine or imprisonment and consequences of subsequent conviction.

Waiver of Rights & Guilty Plea Filed.

FINDINGS:

_____ Court finds that in view of the nature of the charge, defendant's education, experience and mental competence, defendant expressly, knowingly, understandably, intelligently

-3-

> and voluntarily waives the heretofore initialed rights.  Court finds there is factual basis for the plea and accepts the guilty plea.

Sentence Form at 1.  There are marks, which appear to be initials, next to the statement "Waiver of Rights & Guilty Plea Filed," and by the statement that the "Court finds that . . . defendant expressly, knowingly, understandably, intelligently and voluntarily waived the heretofore initialed rights." Sentence Form at 1.

Work contacted the Justice Court of Coalinga for further clarification regarding what specific rights Ramirez-Barajas waived, to which the court stated legal representation is included in the waiver of rights.  See Tr. at 23:14-20 (Work).  The employee of the Justice Court with whom Work spoke was unable to provide any supporting documentation because Ramirez-Barajas' file was destroyed.  Additionally, Work spoke to a district attorney at the District Attorney's office in Fresno County and confirmed that the right to legal representation was included in the waiver of rights at the time of the plea -- 1984.  See Tr. at 24:10-15 (Work).

## PROCEDURAL BACKGROUND

On January 8, 2010, Ramirez-Barajas pled guilty to a one-count Information charging a violation of 8 U.S.C. §§ 1326(a) and 1326(b), Reentry of a Removed Alien.  See Information, filed January 8, 2010 (Doc. 13).  Ramirez-Barajas pled guilty pursuant to and through a Non-Standard Fast Track Plea Agreement with the United States, dated January 8, 2010.  See Non-Standard Fast Track Plea Agreement, filed January 8, 2010 (Doc. 16).  After the plea, the Court ordered Work to prepare a Presentence Investigation Report.  Work prepared and disclosed the PSR on March 4, 2010.

The PSR calculates a base offense level of 8.  It then increases the base by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A), because of Ramirez-Barajas' May 29, 1984 conviction for Assault

-4-

with a Deadly Weapon.  See PSR ¶¶ 12, 22, at 4, 6.  The PSR then decreases the base by 3 levels

pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility, and 1 additional level pursuant to

Ramirez-Barajas' Non-Standard Fast Track Plea Agreement.  See PSR ¶¶ 17, 19, at 5.  Work did

not assess any criminal points for the conviction in paragraph 22.  The PSR states that Ramirez-

Barajas' total adjusted offense level is 20 and that his criminal history is III.  With a total offense

level of 20 and a criminal history category of III, the resulting advisory Guideline imprisonment

range is 41 to 51 months.  See PSR, Part D at 14.

On April 11, 2010, Ramirez-Barajas filed his Objection to the Presentence Report and

Motion to Exclude Paragraph 22 of the Presentence Report.  See Doc. 21.  Ramirez-Barajas states

that the documents that Work provided the Court regarding his May 29, 1984 conviction -- the

Criminal Complaint and the Sentence Form -- are "not reliable," as they do not  state: (i) whether

he was represented by counsel or validly waived his right to counsel; and (ii) whether he was

provided with a Spanish-speaking interpreter.  Objection at 3-4.  Ramirez-Barajas asserts that he

> was not provided the opportunity to speak with an attorney, or if he did speak to an
> attorney, that a Spanish language interpreter was not also provided, and that he did
> not understand the proceedings or his right to be represented by counsel as required
> by the Sixth Amendment to the United States Constitution.

Objection at 2-3.  Ramirez-Barajas objects, pursuant to the Sixth Amendment  to the United States

Constitution, to the 16-level enhancement of his base offense level, because the criminal history

documents do not reliably show that he was validly convicted of Assault with a Deadly Weapon.

See Objection at 4.

On April 15, 2010, the United States filed its response to Ramirez-Barajas' objections.  See

Doc. 22.  The United States contends that Ramirez-Barajas fails to show that his conviction is

constitutionally infirm.  See Response at 3. The United States asks the Court to deny Ramirez-

Barajas' request that the Court exclude paragraph 22 of the PSR, and to fully consider the 16-level

enhancement assessed in paragraphs 12 and 22 of the PSR.  <u>See</u> Response at 3.  The United States

further requests that the Court impose a sentence within the advisory Guideline range of 41 to 51

months.

  At the hearing, Ramirez-Barajas testified through a Spanish interpreter.  On direct

examination, Gleria questioned him about the 1984 conviction.

> Q. Mr. Ramirez-Barajas, do you recall the incident involving the criminal charges against you in Fresno County, Coalinga, California, in 1984?
>
> A. Yes.
>
> Q. Okay.  And how would you describe your memory regarding that?
>
> A. How would I describe it?  I do not understand that.
>
> Q. Thank you.  Do you have a clear memory or do you have a partial memory?
>
> A. I remember very little.
>
> Q. Do you remember whether you had an attorney present for you to represent you in the charges aggravated assault with a deadly weapon?
>
> A. No.  No.
>
> Q. Did the Coalinga, Fresno County, California, Court provide you a Spanish language interpreter?
>
> A. No.
>
> Q. And you remember that?
>
> A. Yes.
>
> Q. You testified from your memory?
>
> A. Yes.

Tr. at 10:11-11:6 (Gleria, Ramirez-Barjas).  On cross-examination, Ramirez-Barajs testified that he

would like to get out of jail and would like as low a sentence as possible.  See Tr. at 13:17-21 (Wang, Ramirez-Barajas).  He also testified that, during the proceedings in 1984, he received papers in English which he could not understand.  See Tr. at 14:19-20 (Ramirez-Barajas).

## THE SIXTH AMENDMENT RIGHT TO COUNSEL

In Gideon v. Wainwright, 372 U.S. 335 (1963), the Supreme Court of the United States held that the Sixth Amendment's  guarantee of the right to appointed counsel applies to state criminal prosecutions by incorporation through the Fourteenth Amendment.  See 372 U.S. at 344-45. Clarifying the scope of the right to counsel, the Supreme Court later held that an indigent defendant must be appointed counsel in any criminal prosecution "that actually leads to imprisonment even for a brief period," regardless of its classification as a misdemeanor or a felony.  Argersinger v. Hamlin, 407 U.S. 25, 33 (1972).  Seven years later, in Scott v. Illinois, 440 U.S. 367 (1979), the Supreme Court established the outer limit of the right to counsel enunciated in Argersinger v. Hamlin.  See Scott v. Illinois, 440 U.S. at 373.  The Supreme Court of Illinois had declined to extend Argersinger v. Hamlin to the defendant where he was "charged with a statutory offense for which imprisonment upon conviction is authorized but not actually imposed upon the defendant." Scott v. Illinois, 440 U.S. at 369.  The Supreme Court affirmed, explaining: "Even were the matter res nova, we believe that the central premise of Argersinger -- that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment -- is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel." Scott v. Illinois, 440 U.S. at 373.  The Supreme Court held that the Sixth and Fourteenth Amendments do not entitle an indigent defendant to trial counsel where he was convicted of theft and fined $ 50.00 after a bench trial.  See 440 U.S. at 367, 368 ("We therefore hold that the Sixth and Fourteenth Amendments to the United States Constitution require only that no indigent criminal

defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense.").

## CHALLENGES TO PRIOR CONVICTIONS AT SENTENCING

In Custis v. United States, 511 U.S. 485 (1994), the Supreme Court found that, for purposes of the penalty enhancements for prior convictions that are imposed by the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e), a defendant in a federal sentencing proceeding has no right to collaterally attack the validity of his previous state convictions, with the sole exception of convictions obtained in violation of the right to counsel. See Custis v. United States, 511 U.S. at 487. The Supreme Court explained: "There is thus a historical basis in our jurisprudence of collateral attacks for treating the right to have counsel appointed as unique, perhaps because of our oftstated view that 'the right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel.'" 511 U.S. at 494-95 (quoting Powell v. Alabama, 287 U.S. 45 (1932)). In Burgett v. Texas, 389 U.S. 109 (1967), the Supreme Court held that the admission of a prior criminal conviction that is constitutionally infirm under the standards of Gideon v. Wainwright is inherently prejudicial, and to permit use of such a tainted prior conviction for sentence enhancement would undermine the principle of Gideon v. Wainwright. See Burgett v. Texas, 389 U.S. at 115 ("Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right.").

In United States v. Garcia, 42 F.3d 573 (10th Cir. 1994), the United States Court of Appeals for the Tenth Circuit, relying on the Supreme Court's holding in Custis v. United States, held that, in a sentencing proceeding under the Guidelines, a defendant may not collaterally attack a prior conviction except on the ground of a complete denial of counsel. See 42 F.3d at 581. The Tenth Circuit has since consistently held that, with the exception of a collateral attack based on complete

denial of counsel, a district court cannot consider a collateral attack on a prior conviction when sentencing a defendant.  In <u>United States v. Cousins</u>, 455 F.3d 1116 (10th Cir.), <u>cert. denied</u>, 549 U.S. 866 (2006), the Tenth Circuit stated

> an exception to this general rule [barring collateral attacks of prior convictions] at sentencing is that challenges to the constitutionality of a conviction based upon a violation of the right to counsel are permitted in sentencing proceedings, even though the defendant is attacking the prior state conviction collaterally in federal court.

<u>Id.</u> at 1125.  <u>See</u> <u>United States v. Delacruz-Soto</u>, 414 F.3d 1158, 1167 (10th Cir. 2005)(holding that, "with the exception of a collateral attack based on the complete denial of counsel, a district court sentencing a defendant under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A) cannot consider a collateral attack on a prior conviction.");  <u>United States v. Cruz-Alcala</u>, 338 F.3d at 1197 (stating the holding of <u>United States v. Garcia</u>).

      **1.**      **<u>Waiver of the Right to Counsel.</u>**

It is well established a defendant has a constitutional right to waive his right to counsel.  <u>See</u> <u>United States v. Molina-Barajas</u>, 47 F. App'x 552, 555 (10th Cir. 2002)(citing <u>United States v. Windle</u>, 74 F.3d 997, 1001 (10th Cir.1996)).  If a defendant validly waives his right to counsel, the waiver precludes the defendant from collaterally attacking the conviction.  <u>See</u> <u>United States v. Molina-Barajas</u>, 47 F. App'x at 555 ("Further, if defendant entered into a valid waiver [of his right to counsel], the waiver precludes him from collaterally attacking the California conviction.")(citing <u>United States v. Windle</u>, 74 F.3d at 1001).

The Tenth Circuit has consistently held that

> [a] defendant's waiver of his right to counsel is valid only if it is knowing and intelligent; the waiver is knowing and intelligent only if the trial court informs the defendant on the record of the nature of the charges against him, the possible punishments and defenses, and the dangers and disadvantages of self-representation.

<u>Munkus v. Furlong</u>, 170 F.3d 980, 983 (10th Cir. 1999)(citations omitted).  <u>See</u> <u>United States v.</u>

Willie, 941 F.2d 1384, 1388 (10th. Cir. 1991)("[T]o be valid, the trial judge must ensure that the waiver . . . is an intentional relinquishment . . . of a known right . . . .  Ideally, . . . the record [should] demonstrate that the defendant [knows] the nature of the charges, the range of allowable punishments and possible defenses, and . . . the risks of proceeding pro se." (internal quotation marks and citations omitted)); United States v. Silkwood, 893 F.2d 245, 248 (10th Cir. 1989)(stating that for a waiver of counsel to be knowing and intelligent, the court must conduct a "comprehensive examination into the defendant's apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." (internal quotation marks and citations omitted)).

### 2.      **Presumption of Regularity.**

The Supreme Court has held that there is a "'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights."  Parke v. Raley, 506 U.S. 20, 29 (1992)(quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).  In Parke v. Raley, the defendant, who was charged as a persistent felony offender, argued that two of the convictions offered against him were invalid under Boykin v. Alabama, 395 U.S. 238 (1969), because the records for the convictions did not contain transcripts of the plea proceedings and therefore did not affirmatively show that his guilty pleas were knowing and voluntary.  See 506 U.S. at 23.  The Supreme Court stated:

> On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights.  In this situation, Boykin does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained.

506 U.S. at 30.   The Supreme Court thus found that, "even when a collateral attack on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." Parke v. Raley, 506 U.S. at 31 (citation omitted).

### 3.    Overcoming the Presumption of Regularity.

The Tenth Circuit in United States v. Duarte-Gutierrez, 129 F. App'x 440 (10th Cir. 2005) stated:

> Once the existence of a conviction is established, the presumption of regularity attaches and we assume that the convicting court complied with the law in all respects, including the requirements for establishing a waiver of the right to counsel. The government is not required to offer any evidence of compliance; Defendant must prove noncompliance.

129 F. App'x at 443.   "To overcome this presumption and bar the use of a prior conviction for sentence enhancement, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm." United States v. Krejcarek, 453 F.3d 1290, 1297 (10th Cir. 2006)(citing United States v. Windle, 74 F.3d 997, 1001 (10th Cir. 1996)).  See United States v. Cruz-Alcala, 338 F.3d 1194, 1197 (10th Cir. 2003)("Once the prosecution establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm." (emphasis in the original)(internal quotation marks omitted)).

"[A] defendant may not simply point to a silent or ambiguous record, but must come forward with affirmative evidence establishing that the prior convictions were obtained in violation of the Constitution." United States v. Cruz-Alcala, 338 F.3d at 1197.   "Self-serving statements by a defendant that his conviction was constitutionally infirm are insufficient to overcome the presumption of regularity accorded prior convictions." United States v. Krejcarek, 453 F.3d at 1297 (quoting Cuppett v. Duckworth, 8 F.3d 1132, 1139 (7th Cir. 1993)(en banc).  See United States v.

Wicks, 995 F.2d at 978 ("Self-serving conclusory statements would be unavailing, of course.").  In

addition, "[t]he fact one jurisdiction may utilize a different docketing or record keeping system than

another does not prove by a preponderance of the evidence [that the defendant] did not waive his

right to counsel."  United States v. Sanchez, 230 F. App'x 803, 807-08 (10th Cir. 2007).

 In United States v. Wicks, the Tenth Circuit found that the defendant did not prove by a

preponderance of the evidence that his "guilty pleas were actually involuntary or unknowing."  995

F.2d at 978 (emphasis in original).  The defendant did not submit proof that his plea was unknowing

or involuntary -- except for proof that there was an incomplete record of the plea proceedings in

state court.  See 995 F.2d at 979.  The Tenth Circuit stated:

> At a minimum, . . . a defendant pointing to a silent or missing record of a prior plea
> proceeding must begin by also submitting an affidavit or its equivalent asserting that
> the defendant's plea was in fact not voluntary or was lacking the necessary
> understanding, and specifying in detail the factual support for such assertion.
> Self-serving statements would be unavailing, of course.  Affidavits or testimony by
> judges, government and defense attorneys, probation officers, and others involved
> in and knowledgeable about the challenged proceedings, and directly supporting the
> defendant's position, would be probative.

995 F.2d at 978-79.  The facts available to the Tenth Circuit showed that counsel represented the

defendant, which the Tenth Circuit stated "strongly suggests an informed and voluntary plea."  995

F.2d at 979. The Tenth Circuit found that the defendant's pleas were voluntary and knowing, based

on the evidence before it and on the defendant's failure to prove that his guilty pleas were

unknowing and involuntary.  See 995 F.2d at 979.

 In United States v. Quintana-Ponce, 129 F. App'x 473 (10th Cir. 2005), the Tenth Circuit

found that the defendant did not meet his burden to overcome the presumption of regularity.

See 129 F. App'x at 475.  At his sentencing, the defendant offered testimony that he was not

represented by counsel and did not knowingly waive his right to counsel in the state court

-12-

proceedings at issue.  See 129 F. App'x at 475.  After considering the defendant's testimony, the district court implicitly found he was not credible and ruled that he had validly waived his right to counsel in the earlier cases, stating: "[T]aking [the defendant's] proffer at face value and weighing that against his significant history associated with the criminal courts in that area . . . I don't believe that he has overcome the presumption of regularity that attaches to final Judgments."  129 F. App'x at 475 (quoting the district court sentencing transcript).  The Tenth Circuit deferred to the district court's credibility determination and found no error in the district court considering the conviction in the defendant's criminal history.  See 129 F. App'x at 475.

In United States v. Cruz-Alcala, the Tenth Circuit found that the defendant "failed to establish that his prior . . . convictions [were] constitutionally infirm."  338 F.3d at 1197.  The record contained waiver forms for the defendant's convictions, which stated that the defendant understood that he had the right to be represented and that he understood the dangers and disadvantages of giving up his right to a lawyer.  See 338 F.3d at 1198.  The defendant had initialed the waiver forms, and a translator had signed the forms, verifying that she translated the forms to the defendant.  See 338 F.3d at 1198.  In addition, the judge signed the forms, stating that the Court reviewed the forms and found that the defendant "expressly, knowingly, understandingly and intelligently waived his . . . constitutional rights."  338 F.3d at 1198.  The defendant's

> evidence that he did not waive his right to counsel in the prior proceedings consisted solely of his testimony at the sentencing hearing that he had neither seen nor signed the waiver forms for the DUI convictions (although he admitted he was guilty of those offenses and had used the name "Modesto Martinez" in the DUI proceedings); that an interpreter had never read those documents to him; and that no one had ever told him that he had the right to the assistance of counsel in the DUI cases. Defendant did not testify at all about the waiver of rights at the proceeding for the petty-theft conviction. After hearing all the evidence, the district court found that Defendant's testimony was not credible, and ruled that Defendant had validly waived his right to counsel in the earlier cases.

-13-

338 F.3d at 1198.  The Tenth Circuit deferred to the district court's credibility determination, and upheld the district court's use of the convictions to enhance the defendant's sentence.  See 338 F.3d at 1198.

## ANALYSIS

It is unclear precisely what Ramirez-Barajas' objections are.  It appears that he argues in the alternative:  he had no lawyer, and if he did have a lawyer, he had no Spanish interpreter to interpret for him.  He also collaterally attacks his 1984 conviction because he did not understand what was happening.  In the end, none of these objections are successful.

Ramirez-Barajas objects to the 16-level increase of his base offense level under U.S.S.G. § 2L1.2(b)(1)(A) based upon his May 29, 1984 criminal conviction.  There is no indication in the PSR or the criminal history documents relating to his May 29, 1984 conviction whether Ramirez-Barajas was represented by counsel, whether he validly waived his right to counsel, or whether he was provided a Spanish language interpreter.  Accordingly, Ramirez-Barajas asks the Court to disregard the 16-level enhancement assessed against him in paragraphs 12 and 22 of the PSR because, he asserts, "he was not provided the opportunity to speak with an attorney, or if he did speak to an attorney, that a Spanish language interpreter was not also provided, and that he did not understand the proceedings."  Objections at 2-3.

Ramirez-Barajas bears the burden of demonstrating by a preponderance of the evidence that the May 29, 1984 conviction was obtained in violation of his constitutional rights.  See United States v. Cruz-Alcala, 338 F.3d 1194, 1197 (10th Cir. 2003)("Once the prosecution establishes the existence of a conviction, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm." (emphasis in original)(internal quotation marks omitted)).  In Ramirez-Barajas' Objections, he merely asserts that he did not receive attorney representation

and, in the alternative, even if he was afforded an attorney, a Spanish-language interpreter was not afforded to him.  See Objections at 2-3.  These statements are contradictory: Ramirez-Barajas either had attorney-representation or he did not.

At the hearing, Ramirez-Barajas testified that he did was not represented by an attorney and that the Justice Court did not provide him with a Spanish interpreter.  Ramirez-Barajas did not, however, testify or present any evidence regarding whether his waiver of his right to counsel was voluntary or knowing.  Ramirez-Barajas' testimony, and the evidence in the record, establish by a preponderance of the evidence that Ramirez-Barajas was not represented by counsel.  Ramirez-Barajas has not, however, met his burden of proving with "affirmative evidence" that his waiver of counsel was not valid, because he has not presented any evidence that he did not knowingly or voluntarily waive his right to representation.  United States v. Cruz-Alcala, 338 F.3d at 1197 ("To overcome this presumption, a defendant . . . must come forward with affirmative evidence establishing that the prior convictions were obtained in violation of the Constitution.").  The only evidence before the Court regarding Ramirez-Barajas' waiver of counsel is the Sentence Form, which states that Ramirez-Barajas "knowingly, understandingly, intelligently and voluntarily waived" his right to representation.  See Sentence Form at 1.  Ramirez-Barajas -- much like the defendant in United States v. Wicks -- is doing nothing more than pointing to a silent or ambiguous record to show that his conviction was constitutionally infirm.  See United States v. Wicks, 995 F.2d at 978-79 (stating that the defendant did not submit proof that his plea was unknowing or involuntary -- except for  proof that there was an incomplete record of the plea proceedings in state court -- and that "[a]t a minimum, . . . a defendant pointing to a silent or missing record . . . must begin by also submitting an affidavit or its equivalent . . . specifying in detail the factual support for [his assertions that the conviction is constitutionally infirm].").

It may be that Ramirez-Barajas is contending that he did not have a Spanish interpreter for his waiver of his right to counsel.  Even if Ramirez-Barajas makes this argument, he has failed to overcome the presumption of regularity, because his conclusory statement -- without more -- does not convince the Court that he has proved by a preponderance of the evidence that his conviction is constitutionally infirm.  See Cruz-Alcala, 338 F.3d at 1198 (finding that the defendant failed to establish that his conviction was constitutionally infirm when the record contained waiver forms stating that the defendant knowingly and voluntarily waived his rights and when the district court found that the defendant's testimony that no one interpreted the waiver form for him was not credible); United States v. Wicks, 995 F.2d at 978 ("Self-serving conclusory statements would be unavailing, of course[, in a defendant's quest to overcome the presumption of regularity].").

Ramirez-Barajas has not met his burden of persuasion to overcome the presumption of regularity that attaches to the conviction.  The Court will therefore deny his request and consider the 16-level enhancement as properly assessed by USPO in paragraphs 12 and 22 of the PSR.

I.    **WHILE THE EVIDENCE IS LIMITED, THE COURT CONSIDERS THE CRIMINAL HISTORY DOCUMENTS TO BE RELIABLE.**

The criminal history documents -- the Criminal Complaint and the Sentence Form -- provide the Court a basis to find that the May 29, 1984 criminal conviction should be counted and applied against Ramirez-Barajas.  While Ramirez-Barajas suggests that the documents are unreliable, he does not explain why he thinks that they are unreliable.  The Court does not see anything unreliable about the documents.  While the documents may be limited in what they say, what they say is reliable.

II.   **RAMIREZ-BARAJAS HAS SHOWN, BY A PREPONDERANCE OF EVIDENCE, THAT HE DID NOT HAVE AN ATTORNEY.**

Ramirez-Barajas asserts that, regarding the May 29, 1984 conviction, he was not provided

the opportunity to speak with an attorney.  He contends that, because he was not provided the opportunity to speak with an attorney, his right to be represented by counsel was violated.  Ramirez-Barajas argues that United States v. Wicks, where there was record of attorney representation, is distinguishable in that there is no record of attorney representation in this matter.

There is sufficient evidence in the record supporting Ramirez-Barajas' assertion that he did not have an attorney in the 1984 case.  Ramirez-Barajas testified that he was not represented by an attorney.  The Sentence Form indicates that Ramirez-Barajas "expressly, knowingly, understandingly, intelligently and voluntarily" waived his rights.  Sentence Form at 1.  Although the Sentence Form does not specify which rights Ramirez-Barajas waived, Work spoke to the Justice Court in California and the District Attorney's Office.  Both confirmed that one of the rights included in a waiver of rights in 1984 was the right to representation.  There is no evidence that Ramirez-Barajas had an attorney, Ramirez-Barajas states that he did not have an attorney, and Work contends that Ramirez-Barajas waived his right to an attorney.  Accordingly, the Court finds, by a preponderance of the evidence, that Ramirez-Barajas has shown, and the full record shows, that he did not have an attorney.

## III.    RAMIREZ-BARAJAS HAS NOT SHOWN BY AFFIRMATIVE EVIDENCE THAT HE DID NOT COMPETENTLY AND VOLUNTARILY WAIVE HIS RIGHT TO COUNSEL.

The Court finds, by a preponderance of the evidence, that Ramirez-Barajas competently and voluntarily waived his right to counsel.

> A defendant's waiver of his right to counsel is valid only if it is knowing and intelligent; the waiver is knowing and intelligent only if the trial court informs the defendant on the record of the nature of the charges against him, the possible punishments and defenses, and the dangers and disadvantages of self-representation.

Munkus v. Furlong, 170 F.3d at 983.  Although the criminal history documents that are available

do not indicate whether the trial court informed Ramirez-Barajas of nature of the charges against him, the possible punishments and defenses, and the dangers and disadvantages of self-representation, a "'presumption of regularity' . . . attaches to final judgments, even when the question is waiver of constitutional rights." Parke v. Raley, 506 U.S. at 29.

While the criminal history documents are limited in what they say, they indicate Ramirez-Barajas voluntarily, knowingly and intelligently waived his rights. Work's conversations with the California state court and with the District Attorney's office provide competent evidence[2] that he waived his right to representation when he waived the rights referenced in the Sentence Form. Combined with the presumption of regularity, the Court believes this evidence is enough to establish, by a preponderance of the evidence, that Ramirez-Barajas validly waived his right to counsel, given that Ramirez-Barajas presents no affirmative evidence to the contrary. See United States v. Krejcarek, 453 F.3d at 1297 ("To overcome this presumption [of regularity] and bar the use of a prior conviction for sentence enhancement, the defendant must prove by a preponderance of the evidence that the conviction was constitutionally infirm."); United States v. Cruz-Alcala, 338 F.3d at 1197 ("[A] defendant may not simply point to a silent or ambiguous record, but must come forward with affirmative evidence establishing that the prior convictions were obtained in violation of the Constitution."). While the evidence is thin, what evidence the Court has points in the United States' favor. That is all preponderance of the evidence requires. See 3A Federal Jury Practice and

---

[2] "[T]he Court may rely on hearsay at sentencing so long as it has 'sufficient indicia of reliability to support its probable accuracy.'" United States v. Cunningham, No. CR 06-2493, 2008 WL 6049940, at *13 (D.N.M. Oct. 28, 2008)(Browning, J.)(citing U.S.S.G. § 6A1.2 ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.")). See United States v. Beaulieu, 893 F.2d 1177, 1179 (10th Cir. 1990)("Reliable hearsay may be considered [at sentencing].").

Instructions § 155.51 (5th ed.)(stating that the party must have proved the case by the greater weight of the evidence -- in other words a preponderance of the evidence).  Accordingly, the Court will overrule Ramirez-Barajas' collateral attack on the conviction based on his assertion that he did not validly waive his right to counsel.

### IV.    THE COURT OVERRULES RAMIREZ-BARAJAS' COLLATERAL ATTACK ON HIS CONVICTION BASED ON HIS ASSERTION THAT THERE IS NO EVIDENCE THAT HE HAD A SPANISH INTERPRETER.

Ramirez-Barajas contends that, if he spoke to an attorney, a Spanish language interpreter was not provided.  The Court need not address this challenge, because it agrees with Ramirez-Barajas' first argument, i.e., that he was not provided with an attorney.  The Court thus need not address whether a Spanish interpreter was used to talk to the attorney.

It may be that Ramirez-Barajas is contending that he did not have a Spanish interpreter for the waiver of his right to counsel.  If Ramirez-Barajas did not have a Spanish interpreter for his waiver of his right to counsel, the waiver was arguably not " knowing and intelligent."  Munkus v. Furlong, 170 F.3d at 983.  Ramirez-Barajas testified that he was not provided a Spanish interpreter. He did not specify whether he was provided a Spanish language interpreter when he waived his right to representation, or whether his waiver of his right to representation was knowing and voluntary. Ramirez-Barajas has presented affirmative evidence that he did not have a Spanish interpreter, but his evidence is lacking in detail.  See United States v. Wicks, 995 F.2d at 978 ("At a minimum, then, a defendant pointing to a silent or missing record of a prior plea proceeding must begin by also submitting an affidavit or its equivalent asserting that the defendant's plea was in fact not voluntary or was lacking the necessary understanding, and specifying in detail the factual support for such assertion.").  Ramirez-Barajas' conclusory statement that he was not provided an interpreter does not convince the Court that he has established by a preponderance of the evidence that his conviction

-19-

was constitutionally infirm.  See Cruz-Alcala, 338 F.3d at 1198 (finding that the defendant failed

to establish that his conviction was constitutionally infirm when the record contained waiver forms

stating that the defendant knowingly and voluntarily waived his rights and when the district court

found that the defendant's testimony that no one interpreted the waiver form for him was not

credible); United States v. Wicks, 995 F.2d at 978 ("Self-serving conclusory statements would be

unavailing, of course.").  The Sentence Form, along with the evidence from the Justice Court and

the District Attorney's office, indicate that Ramirez-Barajas competently and voluntarily gave up

his rights.  That informed waiver cannot be done if someone does not speak the same language as

the judge.  Again, the evidence is thin, but what evidence the Court has supports the United States'

position.  Given the presumption of regularity, the evidence before the Court, and Ramirez-Barajas'

failure to present more than a conclusory statement that he was not provided a Spanish language

interpreter without tying it to the waiver of counsel or any other specific phase of the proceeding,

the Court finds that Ramirez-Barajas has not met his burden of proof that his conviction was

constitutionally infirm.  See United States v. Cruz-Alcala, 338 F.3d at 1197 ("Once the prosecution

establishes the existence of a conviction, the defendant must prove by a preponderance of the

evidence that the conviction was constitutionally infirm." (emphasis in the original)(internal

quotation marks omitted)).  For these reasons, the Court will overrule Ramirez-Barajas' objection

that he was not provided a Spanish language interpreter for the conviction in paragraph 22 of the

PSR.

## V.      THE COURT OVERRULES RAMIREZ-BARAJAS' COLLATERAL ATTACK ON HIS CONVICTION BASED ON HIS ASSERTION THAT HE DID NOT UNDERSTAND THE PROCEEDINGS.

Ramirez-Barajas argues that he did not understand the criminal proceedings or his right to

be represented by counsel.  See Objections at 2-3.  He asserts that the criminal history documents

-20-

support his contention, because they do not show that he understood the proceedings, whether he was provided a Spanish-language interpreter, or whether he was represented by counsel or validly waived his right to counsel regarding the May 29, 1984 conviction.

Ramirez-Barajas has not shown that a defendant can legally attack a prior conviction because he did not understand the proceedings, and the Court is not convinced that under the Guidelines or under the current case law he may do so. See United States v. Garcia, 42 F.3d 573, 581 (10th Cir. 1994)("[W]e hold that with the exception of a collateral attack based on the complete denial of counsel, a district court sentencing a defendant . . . cannot consider a collateral attack on a prior conviction." (emphasis added)). The evidence regarding Ramirez-Barajas' prior conviction in paragraph 22 of the PSR establishes a presumption of knowing and voluntary participation by Ramirez-Barajas in waiving his rights. Ramirez-Barajas presents no affirmative evidence that he did not understand the proceedings. The Court thus finds that, even if Ramirez-Barajas could legally attack his prior conviction because he did not understand the proceedings, he has not overcome the presumption of regularity. Accordingly, the Court will overrule Ramirez-Barajas' collateral attack on his conviction based on his assertion that he did not understand the proceedings.

The evidence provides a sufficiently sound basis to increase Ramirez-Barajas' base offense level by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A) of the advisory Sentencing Guidelines. Ramirez-Barajas has not overcome the presumption of regularity and the Court therefore assumes that the convicting California court complied with the law in all respects. Accordingly, the Court overrules Ramirez-Barajas' objection to the 16-level increase of his base offense level assessed in paragraphs 12 and 22 of the PSR. The Court further concludes that a sentence within the advisory Guideline range of 41 to 51 months will constitute an appropriate sentence, and that no further departures or variances from the advisory Guideline sentencing range is warranted.

**IT IS ORDERED** that the Defendant's Objection to the Presentence Report and Motion to

Exclude Paragraph 22 of Presentence Report, filed April 11, 2010 (Doc. 21) is overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
   United States Attorney
Lynn Wei-Yu Wang
   Assistant United States Attorney
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Kenneth A. Gleria
   Assistant Federal Public Defender
Albuquerque, New Mexico

     *Attorneys for the Defendant*