**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                         No. CR 10-0046 JB

CANDILARIO RAMIREZ-BARAJAS,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Letter from Defendant Candilario Ramirez-Barajas to the Court (undated), filed November 1, 2010 (Doc. 27)("Letter").  The Court held a hearing on December 1, 2010.  The primary issue is whether the Court should appoint new counsel for Ramirez-Barajas.  The Court will deny Ramirez-Barajas' request that it appoint new counsel, because it finds that Ramirez-Barajas has not shown a complete breakdown of communication between himself and Kenneth Gleria, Ramirez-Barajas' counsel; instead, it appears that Mr. Gleria has effectively communicated with Ramirez-Barajas and has kept him apprised of the status of his case.

**PROCEDURAL BACKGROUND**

On January 8, 2010, Ramirez-Barajas pled guilty to a one-count Information charging a violation of 8 U.S.C. §§ 1326(a) and 1326(b), Reentry of a Removed Alien.  See Information, filed January 8, 2010 (Doc. 13).  Ramirez-Barajas pled guilty pursuant to and through a Non-Standard Fast Track Plea Agreement with the United States, dated January 8, 2010.  See Non-Standard Fast Track Plea Agreement, filed January 8, 2010 (Doc. 16).  The United States Probation Office disclosed a Presentence Investigation Report ("PSR") for Ramirez-Barajas on March 4, 2010.  On

April 11, 2010, Ramirez-Barajas filed his Objection to the Presentence Report and Motion to

Exclude Paragraph 22 of the Presentence Report.  See Defendant's Objection to the Presentence

Report and Motion to Exclude Paragraph 22 of Presentence Report, filed April 11, 2010 (Doc.

21)("Objections"). Ramirez-Barajas' undated letter requesting new counsel was filed with the Court

on November 1, 2010.  See Doc. 27.  Ramirez-Barajas wrote his letter in Spanish.  While the

Spanish letter does not appear to reference a conflict of interest -- it solely describes Mr. Gleria's

failure to communicate with Ramirez-Barajas -- the English translation of the letter states that Mr.

Gleria has a conflict of interest and has failed to effectively communicate with Ramirez-Barajas.

See Letter at 1.

On November 12, 2010, the Court entered a Memorandum Opinion and Order overruling

Ramirez-Barajas' Objection to the Presentence Report.  See Memorandum Opinion and Order, filed

November 12, 2010 (Doc. 25)("Nov. 12, 2010 MOO").  At the hearing on December 1, 2010, the

Court spoke to both Mr. Gleria and Ramirez-Barajas about Ramirez-Barajas' request.  Mr. Gleria

stated that, although the English translation of the letter states that he has a conflict of interest, the

Spanish letter does not.  Mr. Gleria disagreed with Ramirez-Barajas' assertion that he has not

effectively communicated, stating that he has twice visited Ramirez-Barajas at the Sandoval County

Detention Center, has spoken with Ramirez-Barajas each month except August 2010, and has

reviewed the Court's Nov. 12, 2010 MOO with Ramirez-Barajas.  Ramirez-Barajas stated that he

did not know of any conflict of interest that Mr. Gleria has, and that he requests new counsel

because of Mr. Gleria's lack of communication.

## RELEVANT LAW REGARDING APPOINTMENT OF NEW COUNSEL

To warrant substitution of counsel, a defendant must show good cause, such as "a conflict

of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to

an apparently unjust verdict." United States v. Beers, 189 F.3d 1297, 1302 (10th Cir. 1999). "Good

cause for substitution of counsel consists of more than a mere strategic disagreement between a

defendant and his attorney; rather, there must be a total breakdown in communications." United

States v. Stewart, 378 F. App'x 773, 777 (10th Cir. 2010).   To prove a total breakdown in

communication, a defendant must point to evidence of a severe and pervasive conflict with his or

her attorney or evidence of minimal contact with the attorney -- such that meaningful

communication is not possible.  See United States v. Stewart, 378 F. App'x at 777.  The United

States Court of Appeals for the Tenth Circuit has stated that, in assessing whether to grant a motion

to substitute counsel, a court should consider: (i) whether the defendant's request was timely; (ii)

whether the trial court adequately inquired into defendant's reasons for making the request; (iii)

whether the defendant-attorney conflict was so great that it led to a total lack of communications

precluding an adequate defense; and (iv) whether the defendant substantially and unreasonably

contributed to the communication breakdown.  See United States v. Porter, 405 F.3d 1136, 1140

(10th Cir. 2005).  Courts balance these factors when determining whether to grant substitution of

counsel.  See United States v. Lott, 433 F.3d 718, 725 (10th Cir. 2006)(weighing the four factors,

and determining that, although the first factor weighs in favor of granting the defendant's motion

for substitute counsel, the remaining three factors weigh against granting his motion).

## ANALYSIS

The Court will deny Ramriez-Barajas' request that it appoint new counsel, because there

does not appear to be a conflict of interest or allegation of a conflict of interest, and because the

Court does not have a sound reason to believe that Mr. Gleria has not effectively communicated with

Ramirez-Barajas or has not kept Ramirez-Barajas apprised of the status of his case.  To warrant

substitution of counsel, a defendant must show good cause, such as "a conflict of interest, a

complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust verdict." United States v. Beers, 189 F.3d at 1302.

The Court finds that Ramirez-Barajas' request is timely, because he made the request while his Objections were pending before the Court, which the Court had to decide before it could sentence him.  At the hearing, after getting the United States' position on Rarmiez-Barajas' request for a new attorney, the Court carefully and thoroughly questioned both Ramirez-Barajas and Mr. Gleria about Ramirez-Barajas' request for new counsel on the record, but outside the presence of the Assistant United States Attorney.  Through the Court's inquiries at the hearing, and the Court's careful consideration of Ramirez-Barajas' letter, the Court has adequately inquired into Ramirez-Barajas' reasons for making a request for new counsel and is well informed on the matter.

In the letter that Ramirez-Barajas wrote in Spanish, Ramirez-Barajas asserts that Mr. Gleria has not communicated with him.  The English translation, however, states that Mr. Gleria has a conflict of interest and has failed to communicate effectively.  At the hearing, Ramirez-Barajas stated that he did not know of any conflict of interest that Mr. Gleria has, and that he requests new counsel because of Mr. Gleria's lack of communication.  There does not appear to be a conflict of interest or, now, even an allegation of a conflict of interest.  The reference to a conflict of interest appears to be a mistake in translation.  The Court therefore finds that Ramirez-Barajas has not shown that Mr. Gleria has a conflict of interest.

The Court also does not have reason to believe that Mr. Gleria has not effectively communicated with Ramirez-Barajas or has not kept Ramirez-Barajas apprised of the status of his case.  To prove a total breakdown in communication, a defendant must point to evidence of minimal contact with his attorney -- such that meaningful communication is not possible.  See United States v. Stewart, 378 F. App'x at 777.  At the hearing, Mr. Gleria stated that he has twice visited Ramirez-

Barajas at the Sandoval County Detention Center, has spoken with Ramirez-Barajas each month except August 2010, and reviewed the Court's Nov. 12, 2010 MOO with Ramirez-Barajas. The Court does not believe there is a sound basis in the facts of this case to remove Mr. Gleria. The Court finds that Ramirez-Barajas has not shown a complete breakdown of communication, precluding his adequate defense. Because the Court has determined that there has not been a complete breakdown of communication between Ramirez-Barajas and Mr. Gleria, it is not necessary for the Court to consider whether Ramirez-Barajas substantially and unreasonably contributed to the communication breakdown. The Court will deny Ramirez-Barajas' request that it appoint new counsel, because Ramirez-Barajas has not shown good cause; instead, it appears that Mr. Gleria has effectively communicated with Ramirez-Barajas and has kept him apprised of the status of his case.

**IT IS ORDERED** that the request in the Letter from Defendant Candilario Ramirez-Barajas to the Court (undated), filed November 1, 2010 (Doc. 27), that the Court appoint new counsel for Defendant Candilario Ramirez-Barajas is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Lynn Wei-Yu Wang
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Kenneth A. Gleria
  Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*